UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-80007-ALTMAN

**MICHAEL ANDREWS**,

    *Plaintiff*,

v.

**RIC BRADSHAW**,

    *Defendant*.

_____/

## **ORDER**

Our Plaintiff, Michael Andrews, has filed a civil-rights complaint under 42 U.S.C. § 1983. *See* Complaint [ECF No. 1]. Andrews, a state pretrial detainee, claims that two correctional officers at the Palm Beach County Sheriff's Office ("PBSO") brutally attacked him inside a dorm—one by "pepper spray[ing]" him, the other by "pulling [him] by the hair"—while both hit him "in the head repeatedly . . . with their walkie talkies[.]" *Id.* at 3. He says that the officers then "dragged [him] out of the dorm by [his] hair" and left him "laying on [his] stomach in a pool of [his] own blood[.]" *Ibid.* He alleges that this wasn't a one-off attack, but part of "a continuing pattern of abuse" by other PBSO officers. *Id.* at 4.

He has now sued PBSO Sheriff Ric L. Bradshaw, suggesting (so far as we can tell) that Bradshaw is to blame for the assault (and the other abuses) at the jail. *See id.* at 1. Andrews also filed a motion for leave to proceed *in forma pauperis* ("IFP Motion") [ECF No. 3]. After screening Andrews's Complaint, we find that it violates the Federal Rules of Civil Procedure on several fronts. We therefore **DISMISS** his Complaint *without prejudice* and **GRANT** Andrews leave to file an amended complaint.

## THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." 28 U.S.C. §1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint, or any portion of the complaint," when it is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Federal Rules of Civil Procedure require, in relevant part, that a well-pled complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). In this Court, a civil-rights complaint submitted by a *pro se* prisoner "must be signed under penalty of perjury." S.D. FLA. L.R. 88.2; *see also* FED. R. CIV. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)). Additionally, "complaints must substantially follow the form, if any, prescribed by the Court." S.D. FLA. L.R. 88.2(a).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Courts may dismiss a plaintiff's complaint for failure to comply with the Federal Rules, the Local Rules, or court orders. *See, e.g.*, *Brutus v. Int'l Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). And *pro se* litigants are not exempt from procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see also Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) ("Although *pro se* complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings." (cleaned up)); S.D. FLA. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding pro se."). The Court may not assist a *pro se* plaintiff in constructing "a theory of liability from facts never alleged, alluded to, or mentioned" in the complaint. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). Instead, "to prevail on a particular theory of liability, a party must present that argument to the district court." *Ibid.*; *see also GJR Inves., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party."), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## ANALYSIS

We can't proceed with Andrews's Complaint for three reasons: *first*, Andrews used the wrong complaint form for civil-rights actions filed by prisoners; *second*, the Complaint is an impermissible shotgun pleading; and *third*, Andrews's IFP Motion is legally insufficient. We'll address each defect in turn.

*First*, the Complaint's form is all wrong. Andrews's Complaint doesn't "substantially follow" the form this Court has prescribed for civil-rights complaints filed by *prisoners* and thus violates Local Rule 88.2. *Cf. Modeste v. Michael*, 2021 WL 633737, at *4 (S.D. Fla. Feb. 18, 2021) (Bloom, J.) (instructing the plaintiff to "file an amended complaint on the appropriate form"). We'll therefore instruct the Clerk to send Andrews a copy of the correct § 1983 complaint form, and we caution Andrews to fill it out completely *and* sign it under the penalty of perjury—or else we'll dismiss this case without further notice. *See* S.D. FLA. L.R. 88.2(a) (providing that a civil-rights complaint "*must* be signed under penalty of perjury" (emphasis added)); *Molina v. Satz*, 2020 WL 4381411, at *2 (S.D. Fla. July 31, 2020) (Altman, J.) (dismissing a *pro se* prisoner's amended § 1983 complaint where, "despite multiple warnings," the prisoner "failed to follow the Local Rules" and comply with court directives to file a complaint signed "under penalty of perjury").

*Second*, Andrews's Complaint is an impermissible shotgun pleading that violates the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must also "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Shotgun pleadings fall into one or more of four categories. In the words of the Eleventh Circuit, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (citing *Weiland*, 792 F.3d at 1322–23). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Andrews's Complaint fits into the third type of shotgun pleading because "he fails to separate into a different count each cause of action[.]" *Id.* at 1322. For one thing, Andrews violated Rule 10(b) by packing all of his allegations into a sprawling, two-page paragraph instead of listing them in numbered paragraphs (as he's required to do). *See* Compl. at 3–4; *see also Miller v. EBS Sec., Inc.*, 2020 WL 12188709, at *1 (N.D. Fla. Oct. 30, 2020) (Fitzpatrick, Mag. J.) ("Plaintiff must present all relevant factual allegations in short, separately numbered paragraphs." (relying on FED. R. CIV. P. 10(b))). And untangling Andrews's unbroken stream of facts to test the plausibility of his claims would prove "a massive waste of judicial and private resources." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010); *see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (condemning shotgun pleadings because, "in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous").

For another, Andrews hasn't separated his causes of action into individual counts. *See generally* Compl. We thus don't even know *how many* counts he's asserted against Bradshaw, who goes completely unmentioned in the body of the Complaint. *See id.* at 2–4; *see also Pirela v. Unknown Bar of Homosexuals & False Witnesses*, 2017 WL 5309001, at *1 (S.D. Fla. Apr. 3, 2017) (Altonaga, J.) (finding that the plaintiff's complaint was "a classic shotgun pleading" where the plaintiff failed to "lay out his claims," and the court couldn't tell "which paragraphs pertain[ed] to which specific claims" or "even discern how many claims the [c]omplaint contain[ed] [ ] if any at all" (cleaned up)). Andrews has therefore made it "virtually impossible to know which allegations of fact are intended to support which

5

claim[s] for relief[.]" *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Although Andrews's Complaint is deficient, we'll give him a chance to fix these problems in an amended complaint. *See Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("When a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991))). In drafting his amended complaint, Andrews must ensure that his factual allegations are properly pled, meaning that "the allegations in the complaint 'must be simple, concise, and direct,'" *LaCroix*, 627 F. App'x at 818 (quoting FED. R. CIV. P. 8(d)(1)), and the facts supporting his claims *must* be presented in a "short and plain statement . . . showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2). Andrews *must* also list each cause of action in separate counts, as we've explained. *See Ortiz v. Carnival Corp.*, 2020 WL 6945958, at *1 (S.D. Fla. Nov. 25, 2020) (Scola, J.) ("Each distinct theory . . . is a separate cause of action that must be asserted independently and with corresponding supporting factual assertions." (collecting cases)). We warn Andrews that, if he fails to file a legally sufficient amended complaint, we'll dismiss this case without further leave to amend.

*Third*, we can't proceed with the Complaint because Andrews's IFP Motion is legally insufficient. Prisoners "seeking to bring a civil action . . . without prepayment of fees or security therefor" are responsible for filing an affidavit and "a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a). Although Andrews attached the required affidavit, he failed to provide a certified account statement for the 6-month period before he filed his Complaint showing what money he has (or doesn't have) in his inmate account. *See generally* IFP Motion. The Clerk will send

6

Andrews a copy of a court-approved IFP motion. If Andrews doesn't pay the filing fee or file a legally sufficient IFP motion, we'll dismiss this case under FED. R. CIV. P. 41(b) for failure to comply with our orders.

*     *     *

We therefore **ORDER AND ADJUDGE** as follows:

1. By **February 27, 2026**, the Plaintiff must file an amended complaint correcting the deficiencies we've identified in this Order. The amended complaint must be no longer than **20 double-spaced pages**, must be signed under the penalty of perjury, and must contain a short and plain statement of the Plaintiff's claim for relief, a basis for federal jurisdiction, and a demand for judgment. The amended complaint must also include a separate paragraph for each Defendant, explaining what that Defendant did wrong, and it must present all allegations in numbered paragraphs. The Clerk is **DIRECTED** to attach a copy of this Court's form titled "Complaint for Violation of Civil Rights (Prisoner)."

2. The amended complaint must be labeled "Amended Complaint" and must include the case number referenced above, so that it will be filed in this case. The amended complaint will be the sole, operative pleading in this case, and only the claims listed in the amended complaint will be addressed. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). The Plaintiff may not incorporate by reference any past claims. *See* S.D. FLA. L.R. 5.1.

3. Andrews's IFP Motion [ECF No. 3] is **DENIED** as legally insufficient. He must either: (1) pay the $405.00 filing fee or (2) file a legally sufficient IFP motion with a six-month account statement by **February 27, 2026**. The Clerk is **DIRECTED** to attach a copy of this Court's approved IFP form to this Order.

5.      The Plaintiff's failure to file the amended complaint or file a legally sufficient IFP motion (or both) on time and in compliance with this Court's Order shall result in dismissal of this case for failure to prosecute or for failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

6.      This Clerk's Office shall administratively **CLOSE** this case. If the Plaintiff's amended complaint survives screening, the Court will reopen this case once all of the Defendants have been served.

**DONE AND ORDERED** in the Southern District of Florida on February 2, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**


cc:     Michael Andrews, *pro se*